UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              Case No. 23-cr-20037

v.

                              Hon. Paul D. Borman

HASSAN YEHIA CHOKR,

    Defendant.
_____/

## STIPULATION AND ORDER REGARDING PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION TO DETERMINE DEFENDANT'S COMPETENCY FOR FURTHER PROCEEDINGS

Through their respective counsel, the Government and defendant Hassan Yehia Chokr stipulate and agree as follows:

1. Since early December 2022, the defendant has been in the custody of the Oakland County Sheriff's Office, having previously been charged with ethnic intimidation in Oakland County Circuit Court ("Oakland County case").

2. In the Oakland County case, defense counsel filed a motion for a competency examination on January 17, 2023, which the court there granted. The court thereby ordered the defendant to undergo an examination to be conducted by the Center for Forensic Psychiatry relating to the issue of competency to stand trial.

3. On January 18, 2023, a federal grand jury returned an indictment charging the defendant with felon in possession of a firearm, in violation of 18

U.S.C. § 922(g)(1), and making a false statement during the attempted acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(g).

4.  On January 19, 2023, the Court issued a Criminal Scheduling Order setting a trial date of March 23, 2021, along with other related dates and deadlines. (ECF No. 19, PageID.108).

5.  On January 31, 2023, during the defendant's arraignment on the indictment in this case, counsel for the defendant requested a competency evaluation. The Magistrate Judge directed counsel to raise the issue with this Court.

6.  Defense counsel has represented the following to counsel for the government: "Defendant has a history of mental illness whereby Defense Counsel has been informed from police reports and filings with the probate court that Defendant has been involuntarily committed by a probate court to a mental health facility on at least two occasions in Wayne County, and possible other facilities outside of Michigan. That at least one report by this court's Pretrial Services states that Defendant has alleged he was diagnosed by one of his doctors as suffering from bi-polar disorder and schizophrenia during the pandemic. In addition, Defendant's actions during proceedings and statements said to his Defense counsel have clearly given rise for the request to conduct a mental evaluation. Actions by Defendant such as "mooning" a Wayne County Circuit Judge, giving a middle

finger to a detective, driving to a synagogue and making anti-Semitic statements, going to a gun store afterwards, in addition of claims by his current defense counsel that Defendant has accused his own counsel of being 'bought out by the Jews and the government,' are some of the erratic behavior this Defendant has demonstrated."

7. Based on defense counsel's representations, the government would not have opposed the defendant's anticipated motion for a competency evaluation.

8. For the sake of judicial economy, in lieu of the Court appointing, authorizing, and directing a psychiatrist or psychologist employed by the United States to examine the mental condition of the defendant pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241(a),(b), 4247(b), the parties move for the Court to order that the Competency Evaluation being conducted in connection with the defendant's Oakland County case be utilized in this case with the understanding that pursuant to 18 U.S.C. § 4247(c), the report will include:

   a. Defendant's history and present symptoms, if any;

   b. A description of the psychiatric, psychological or medical tests that were employed and their results;

   c. The name of the examiner and his/her findings as to competency to proceed, as well as the examiner's opinions as to diagnosis and prognosis; and

    d. A determination as to whether defendant presently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

9. When defense counsel, who also represents the defendant in the Oakland County case, receives the written report from the examining psychiatrist or psychologist, he will promptly file the written report with this Court and provide a copy of the report to the attorney for the government so that a hearing may be conducted pursuant to 18 U.S.C. § 4247(d) to determine defendant's competency to assist with his own defense in further proceedings before the Court at such time as may be scheduled.

10. The period beginning January 31, 2023 and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, should be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days,

whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

11.     If necessary, a new trial date and related other date and deadlines should be set by the Court following the conclusion of proceedings related to the defendant's competency evaluation.

The parties therefore stipulate and jointly move that the Court find, based on the information presented in this stipulation, that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering defendant mentally incompetent to stand trial.

The parties further stipulate and jointly move that the Court order that the Competency Evaluation being conducted in connection with the defendant's criminal case in Oakland County case be utilized in this case in accordance with the parties' stipulation.

The parties also stipulate and jointly move that the Court make findings regarding excludable delay under the Speedy Trial Act as described in this stipulation.

**IT IS SO STIPULATED.**

*(signatures on following page)*

| | |
|---|---|
| *s/ Frances Lee Carlson* | *s/ Nabih H. Ayad (with consent)* |
| Frances Lee Carlson | Nabih H. Ayad |
| Assistant United States Attorney | Attorney for Hassan Yehia Chokr |
| 211 W. Fort Street, Suite 2001 | 645 Griswold Street, Ste. 2202 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9696 | (313) 983-4600 |
| frances.carlson@usdoj.gov | filing@ayadlawpllc.com |

Dated: February 7, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

Case No. 23-cr-20037

Hon. Paul D. Borman

HASSAN YEHIA CHOKR,

Defendant.
_____/

**ORDER REGARDING PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION TO DETERMINE DEFENDANT'S COMPETENCY FOR FURTHER PROCEEDINGS**

The Court has considered the parties' stipulation regarding a psychiatric or psychological examination to determine defendant's competency for further proceedings. Based on the defense counsel's representations as described in the parties' stipulation, the Court finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering defendant mentally incompetent to stand trial.

Accordingly, the Court ORDERS that:

(1)    In lieu of the Court appointing, authorizing, and directing a psychiatrist or psychologist employed by the United States to examine the mental condition of the defendant pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241(a),(b), 4247(b), judicial economy warrants using the

Competency Evaluation being conducted in connection with the defendant's Oakland County Circuit Court case ("Oakland County case") by the Center for Forensic Psychiatry for purposes of competency proceedings in this case;

    (2)    Pursuant to 18 U.S.C. § 4247(c), the report shall include:

        a. Defendant's history and present symptoms, if any;

        b. A description of the psychiatric, psychological or medical tests that were employed and their results;

        c. The name of the examiner and his/her findings as to competency to proceed, as well as the examiner's opinions as to diagnosis and prognosis; and

        d. A determination as to whether defendant presently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    (3)    Once defense counsel receives the report that is prepared in connection with the defendant's Oakland County case, defense counsel shall promptly submit the report to this Court, with copies provided to counsel for the government so that a hearing may be conducted pursuant to 18 U.S.C. § 4247(d) to

determine defendant's competency to assist with his own defense in further proceedings before the court at such time as may be scheduled;

(4) The currently scheduled trial and related other dates and deadlines will be adjourned until such time proceedings related to the defendant's competency evaluation have concluded; and

(5) The period beginning January 31, 2023 and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, should be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

**IT IS SO ORDERED.**

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Entered: February 7, 2023